UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARY WAMSLEY** | * | **CIVIL ACTION NO. 2:13-CV-2924** |
| | * | |
| | * | **JUDGE MINALDI** |
| **VS.** | * | |
| | * | **MAGISTRATE JUDGE KAY** |
| **BARRY W. DITZLER, COUNTRY** | * | |
| **MUTUAL INSURANCE COMPANY,** | * | |
| **& ALLSTATE INURANCE** | * | |
| **COMPANY** | * | |

**MEMORANDUM RULING**

Before the court is the motion to remand, [doc. 6], filed by plaintiff Mary Wamsley (hereafter, "plaintiff"). The motion is opposed by defendants Barry Ditzler, (hereafter, "Ditzler"); Country Mutual Insurance Company (hereafter, "Country Mutual") and Allstate Property and Casualty Company (hereafter, "Allstate"). Doc. 13.

Because we find that Allstate did not timely file written evidence of its consent to removal, **IT IS ORDERED** that plaintiff's motion to remand is hereby **GRANTED**.

**I. BACKGROUND**

On September 4, 2013, plaintiff filed suit in the 14th Judicial District Court in and for Calcasieu Parish, Louisiana, alleging that she was injured as a result of a motor vehicle accident caused by Mr. Barry Ditzler (hereafter, "Ditzler"). Doc. 1, att. 2. Plaintiff's petition named the following as defendants: (1) Ditzler, as the alleged tortfeasor; (2) Country Mutual, in its capacity as Ditzler's Insurer; and (3) Allstate, in its capacity as plaintiff's uninsured/underinsured motorist carrier. *Id*.

Allstate was served with the petition on September 20, 2013. Doc. 6, att. 3. Country Mutual and Ditzler were served on September 24, 2013. Doc. 1, p. 3.

On October 24, 2013, Country Mutual and Ditzler removed the matter to this court based on diversity of citizenship. Doc. 1, pp. 1–2. The notice of removal stated that Country Mutual and Ditzler "have contacted Allstate and obtained consent from Allstate for the removal of this action." *Id.* at 4. The notice of removal was not signed by in-house counsel for Allstate, the attorney who was handling the matter at that time. After removal, Allstate's in-house counsel referred the matter for outside handling. Doc. 13, att. 1, p. 1.

On November 5, 2013, Allstate's new attorneys, unaware of the removal, filed an answer in state court by mistake. Doc. 9. On November 19, 2013, after realizing the error, Allstate moved for leave to file their state court answer, with amendments, in this court. *Id.* The motion for leave to amend stated that Allstate fully consented to removal. *Id.* The undersigned granted the motion, and Allstate filed their amended answer on November 22, 2013. Doc. 15.

On November 13, 2013, plaintiff timely moved to remand, arguing that Allstate's consent to removal was invalid. Doc. 6. Plaintiff relies on Allstate's filing of an answer in state court as evidence that Allstate did not consent to removal. Doc. 6, p. 2. Therefore, plaintiff argues that removal was procedurally improper insofar as removal was not unanimous, and the matter must be remanded. *Id.*

Country Mutual and Ditzler maintain that all defendants consented to removal. Doc. 13. Country Mutual also argues that the erroneously filed answer in state court was without effect and thus has no bearing on the issue of Allstate's consent. *Id.* at 3–5. Country Mutual provides an affidavit from Allstate's in-house counsel confirming that he consented to removal via telephone and explaining the mistaken filing in state court. Doc. 13, att. 2. The affidavit was filed into the record on November 20, 2013, in conjunction with Country Mutual's opposition to the motion to remand. *Id.*

## II. LAW & ANALYSIS

At the outset, we note that Allstate's erroneously filed answer in state court was without effect. Once a notice of removal is filed in state court, "the state court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Any proceedings or filings occurring in state court after removal are considered *coram non judice* and will be voided by the federal court. 14C Charles Alan Wright et. al, <u>Federal Practice and Procedure</u> § 3737 at 681–685 (4th ed. 2009); *see also, e.g.*, *Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985) (state court had no power once removal was effected); *Ford Motor Credit Co. v. AA Plumbing, Inc.*, 2000 WL 1059858 at *4 (E.D. La. 2000) (state court divested of authority once removal was filed). Accordingly, in the instant case, Allstate's erroneously filed answer has no bearing on the instant dispute because it was void.

Nevertheless, we determine that removal was procedurally improper because Allstate did not timely file written consent to removal, as required by Fifth Circuit precedent. Therefore, remand is required.

"The rule of unanimity, which has long been the law in the Fifth Circuit, requires that all then-served defendants join in the notice of removal or timely file a written consent to the removal." *Grigsby v. Kansas City S. Ry. Co.*, 2012 WL 3526903 at *1 (W.D. La. 2012) (internal citations omitted). In cases involving multiple defendants, all non-removing defendants must file written consent within 30 days of service of process upon the last-served defendant, provided the case is initially removable. 28 U.S.C. § 1446(b)(2).

Although a defendant need only consent to removal, "a defendant must do so itself." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). "This does not mean that each defendant must sign the original petition for removal, but *there must be some timely filed written indication from each served defendant,* or from some person or entity

purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Id.* (emphasis added). "Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." *Id.*

A removing defendant may not simply state that all defendants have consented to removal. *Id.* Furthermore, "[o]ral consents and email exchanges do not satisfy the requirement that a defendant must timely file evidence of its consent." *Grigsby*, 2012 WL 3526903 at *2; *see also Goldman v. Nationwide Mut. Ins. Co.*, 2011 WL 3268853 at *3 (E.D. La. 2011); *Royal v. Fontenot*, 2010 WL 4068868 at *2 (W.D. La. 2010).

Turning to the facts of the instant case, the 30 day deadline for removal began to run on September 24, 2013, the date Country Mutual and Ditzler were served with process, making the deadline for removal October 24, 2013. 28 U.S.C. § 1446(b)(2). Country Mutual and Ditzler timely removed to this court on October 24—the last day removal was available. *Id.* Allstate was also required to either sign the removal or file written consent into the record by October 24, 2013, but Allstate did not do so.

Country Mutual's statement in the notice of removal regarding Allstate's consent to removal was insufficient to establish such consent. *Gillis v. State of Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002); *Getty Oil*, 841 F.2d at 1262 n. 11. Allstate's answer filed in federal court, [doc. 15], and affidavit confirming consent, [doc. 13, att. 2], were filed into the record beyond the 30-day deadline mandated by 28 U.S.C. § 1446(b)(2). Accordingly, Allstate failed to timely consent to removal, and the matter must be remanded.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that plaintiff's motion to remand is hereby **GRANTED**.

A separate order of remand is being issued herewith. The effect of that order will be **STAYED** for a period of 14 days from today's date to allow the parties to appeal to the District Judge for review. Should either party seek review from the District Judge, then the effect of that order is suspended until final resolution of the issue by the District Judge.

THUS DONE this 17th day of December, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE