RECEIVED
IN LAKE CHARLES, LA
MAR 17 2014
TONY R. MOORE, CLERK
BY_____
      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARY WAMSLEY** | * | CIVIL ACTION NO. 2:13-CV-2924 |
| **Plaintiff** | * | |
| V. | * | |
| | * | JUDGE MINALDI |
| **BARRY W. DITZLER, COUNTRY MUTUAL INSURANCE COMPANY, & ALLSTATE INSURANCE COMPANY** | * | |
| **Defendants** | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is the Motion of Appeal [Doc. 19] of the Memorandum Ruling [Doc. 17] of the Magistrate Judge, filed by Country Mutual Insurance Company (Country Mutual) and Barry W. Ditzler (Ditzler), to which the plaintiff has filed an Opposition [Doc. 21], and Country Mutual and Ditzler have filed a Reply [Doc. 22]. For the following reasons, the Motion of Appeal [Doc. 19] is hereby **GRANTED**.

## FACTS & PROCEDURAL HISTORY

The plaintiff filed suit on September 4, 2013, in the Fourteenth Judicial District Court for the Parish of Calcasieu, against Ditzler, Country Mutual, and Allstate Insurance Company (defendants) for damages arising out of an automobile accident that allegedly took place on February 20, 2013.[1] Country Mutual and Ditzler removed the suit to federal court on October 24, 2013, invoking the court's diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[2] Also on October 24, 2013, Country Mutual and Ditzler filed an Answer [Doc. 2.] in this court.

The Notice of Removal [Doc. 1], filed by Country Mutual and Ditzler, stated that

---

[1] Pet. [Doc. 1-2], at 1.
[2] Not. of Removal [Doc. 1], at ¶ III.

1

Country Mutual had been served on September 24, 2013; that Allstate Insurance Company (Allstate) had been served on September 20, 2013; but that Ditzler had not yet been served.[3] The Notice of Removal [Doc. 1] stated that Allstate had been contacted and had consented to removal.[4] However, Allstate had filed no consent into the record at this point.

Allstate inadvertently filed an Answer in state court on November 5, 2013, having retained new counsel who at the time was unaware that removal had taken place.[5] On November 13, 2013, the plaintiff timely filed a Motion to Remand, arguing that Allstate had not consented to removal, based in part on the argument that the fact that Allstate filed an answer in state court demonstrated that Allstate had never consented to removal in the first place.[6]

On November 19, 2013, Allstate moved for, and was granted, leave to file its Answer in this court.[7] In that Motion, Allstate stated that "[u]ndersigned counsel was unaware the matter had been removed from State Court *with Allstate's consent* at the time its Answer was filed in State Court."[8]

In the Magistrate Judge's Memorandum Ruling [Doc. 17] on the Motion to Remand, the Magistrate Judge agreed with Country Mutual and Ditzler that "the erroneously filed answer in state court was without effect and thus ha[d] no bearing on the issue of Allstate's consent."[9] Nevertheless, the Magistrate Judge held that the removal had been procedurally flawed because Allstate did not timely file its consent to removal with the court.[10]

---

[3] Not. of Removal [Doc. 1], at ¶ VII – VIII.
[4] Not. of Removal [Doc. 1], at ¶ VIII.
[5] *See generally* Aff. of Mesonie T. Halley, Jr. [Doc. 13-1].
[6] Memo. in Supp. of Mot. to Remand [Doc. 6-1], at 1.
[7] *See generally* Mot. for Leave to File Am. and Supplemental Answer [Doc. 9]. *See also* Electronic Order [Doc. 14].
[8] *Id.* at ¶ 3 (emphasis added).
[9] Memo. Ruling [Doc. 17], at 2.
[10] *Id.* at 3.

The Magistrate Judge correctly pointed out that the "rule of unanimity . . . requires that all then-served defendants join in the notice of removal or timely file a written consent to the removal."[11] The court then found that

> the 30 day deadline for removal began to run on September 24, 2013, the date Country Mutual and Ditzler were served with process, making the deadline for removal October 24, 2013. 28 U.S.C. § 1446(b)(2). Country Mutual and Ditzler timely removed to this court on October 24—the last day removal was available. *Id.* Allstate was also required to either sign the removal or file written consent into the record by October 24, 2013, but Allstate did not do so.[12]

Thereafter, Country Mutual and Ditzler filed the instant Appeal [Doc. 19] seeking review by the District Court.

## LAW & ANALYSIS

Magistrate Judges are statutorily empowered to "hear and determine" non-dispositive pretrial matters when designated to do so by the District Judge. *See* 28 U.S.C. § 636(b)(1)(A). The District Judge may "reconsider any pretrial matter" when "it has been shown that the magistrate's order is clearly erroneous or contrary to law." *Id. See also* FED. R. CIV. PRO. 72(a). A finding may be said to be "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007) (citation omitted).

"If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). Each defendant is required to either join in the removal petition or consent to the removal. *Cooper v. Sentry Select Ins. Co.*, No. 08-0649, 2008 U.S. Dist. LEXIS 82223, at *3 (W.D. La.

---

[11] *Id.* (citing *Grigsby v. Kansas City S. Ry. Co.*, No. 12-cv-0776, 2012 U.S. Dist. LEXIS 114567, at *3 (W.D. La. Aug. 13, 2012) (citations omitted)).
[12] Memo. Ruling [Doc. 17], at 4.

3

Oct. 15, 2008) (*citing Getty Oil of N. Am.*, 841 F.2d 1254, 1262 n.9 (5th Cir. 1988)). While each defendant is not necessarily required to sign the notice of removal, the Fifth Circuit does require "some timely filed written indication from each served defendant . . . that it has actually consented to such action." *Getty Oil*, 841 F.2d at 1262 n.11. "If written consent on the part of all defendants is lacking when the thirty-day removal period elapses, the notice of removal is deemed defective and the case must be remanded." *Alford v. Chevron, U.S.A., Inc.*, No. 13-5457, 2014 U.S. Dist. LEXIS 786, at *10 (E.D. La. Jan. 6, 2014) (*citing Ortiz v. Young*, 431 Fed. Appx. 306, 307 (5th Cir. 2011) (additional citation omitted)).

In the Motion appealing the Magistrate Judge's decision, Country Mutual and Ditzler argue that the timely filing of Allstate's affidavit and Answer established the required consent to removal.[13] The chief point of contention was when the thirty day window for removal began to run. The Magistrate Judge found that the thirty day period began on September 24, 2013, "the date Country Mutual and Ditzler were served with process, making the deadline for removal October 24, 2013."[14] Country Mutual and Ditzler, however, argue that the thirty day period did not begin to run until October 24, 2013, the date of removal, because Ditzler had not been served at that time.[15] Thus, if Ditzler was not yet served, then Country Mutual could not be considered the last-served defendant. The argument continues: if the thirty day window for filing Allstate's consent to removal did not begin to run until October 24, 2013, then the statements of consent contained in Allstate's answer, as well as the affidavit filed by Allstate attesting to the mistake made by Allstate's counsel in filing an answer in state court, satisfy the consent requirement.[16]

---

[13] Memo. in Supp. [Doc. 19-1], at 1.
[14] Memo. Ruling [Doc. 17], at 4.
[15] Memo. in Supp. [Doc. 19-1], at 3.
[16] *Id.* at 4-5.

In opposition, the plaintiff states that Ditzler was sent a certified letter, citation, and petition, via the Louisiana Long Arm Statute on September 30, 2013.[17] The plaintiff, noting that there is no requirement under the Louisiana long arm statute for a signed return receipt, argues that "because the United States Postal Service attempted delivery . . . via the Louisiana long arm statute no later than October 4, 2013, service was effective no later than that date."[18] Thus, argues the plaintiff, Allstate was required to file its written consent no later than November 4, and, as neither Allstate's answer or affidavit purportedly consenting to removal were filed prior to November 4, 2013, the removal was procedurally deficient.[19]

In response, Country Mutual and Ditzler, quite reasonably, argue that there was simply no way for them to know at the time that service on Ditzler had been attempted.[20] Thus, to penalize Allstate for its lack of knowledge in this regard would result in unscrupulous plaintiffs gaming the system by deliberately concealing whether long arm service had been attempted.[21]

The prior Memorandum Ruling [Doc. 17] was predicated at least in part on the mistaken belief that Country Mutual and Ditzler were both served with process on September 24, 2013.[22] As the parties have now made clear that this was not the case, this finding was clearly erroneous.

"For purposes of removal to federal court, service of process is governed by state law." *Cooper*, 2008 U.S. Dist. LEXIS 82223, at *4 (*citing City of Clarksdale v. Bellsouth Telcoms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005)). The Louisiana long arm statute permits service of nonresident defendants by sending a certified copy of the summons and complaint by certified mail to the defendant. *See* LA. REV. STAT. ANN. § 13:3204(A). "[A]ll that is necessary to

---

[17] Memo. in Opp. [Doc. 21], at 2. *See also* Letter from David H. Hanchey to Barry W. Ditzler, Sept. 30, 2013, U.S. Mail Certified # 7011 1570 0001 3024 1850 [Doc. 21-1], at 1.
[18] Memo. in Opp. [Doc. 21], at 2-3 (*citing McFarland v. Dippel*, 756 So. 2d 618, 622 (La. Ct. App. 2000), *writ denied* 770 So. 2d 349).
[19] *Id.* at 3.
[20] Reply [Doc. 22], at 2-6.
[21] *Id.* at 2-3.
[22] Memo. Ruling [Doc. 17], at 4.

constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person." *McFarland v. Dippel*, 756 So. 2d 618, 622 (La. Ct. App. 2000). "There is no requirement under § 3204 for a signed return receipt." *Dupree v. Torin Jacks, Inc.*, No. 08-cv-1648, 2009 U.S. Dist. LEXIS 11267, at *5 (W.D. La. Feb. 12, 2009) (*quoting HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 889 So. 2d 442, 444-45 (La. App. 3d Cir. 2004)). "This prevents a defendant from attempting to defeat valid service by refusing to accept or sign for the letter." *Id.* (citation omitted). However, assuming that the plaintiff properly attempted to accomplish service on Ditzler under Louisiana's long arm statute, Country Mutual and Ditzler nevertheless argue that, based on the lack of information in the record, "[a]t the time of removal on October 24, 2013, it would have been impossible for Allstate to know whether Ditzler had been served."[23]

"Counsel for the removing defendant should be able to rely on the state court record when determining whether to seek other defendants' consent to removal." *Cooper*, 2008 U.S. Dist. LEXIS 82223, at *5. Furthermore, "non-removing defendants are not required to consent to or join the removal petition until proof of service is filed in the record." *Id.* The court in *Cooper* wisely noted that "[i]f the rule of unanimity was predicated on effective service . . . a clever plaintiff could delay filing proof of service to obscure" whether or not service on a given defendant had been accomplished "in an effort to render the removal petition defective based on lack of unanimity." *Id.* at *5. There, the court found that an otherwise untimely consent to removal did not demand remand because proof of service of two co-defendants had not been filed in the record prior to removal. *Id.* at *6.

---

[23] Reply [Doc. 22], at 2.

It is the opinion of the court that the rationale set forth in *Cooper* is the best approach where, as here, the state court record is silent as to service attempts made on a non-removing defendant's co-defendant. Here, Allstate had no way of knowing that the plaintiff attempted service on Ditzler. The plaintiff cites Louisiana case law for the proposition that a non-resident defendant may not defeat proper long-arm service simply by refusing delivery, correctly noting that "where the facts demonstrate a litigant chose to ignore notice of a certified letter, and refused to claim the latter at the post office, that conduct is tantamount to a refusal of service and cannot defeat otherwise valid service."[24] However, this does not speak directly to the present inquiry. While this point of law may be hypothetically sufficient to have overcome a motion to dismiss by Ditzler on the grounds of improper service, it does nothing to ameliorate the fact that Allstate had no way of knowing whether service on Ditzler had even been attempted, yet alone accomplished. Thus, the thirty day period in which Allstate was required to consent to removal did not begin to run on September 24, 2013, as there was at that time no evidence in the record indicating that service on Ditzler had been accomplished. As in *Cooper*, here, "[b]ecause proof of service . . . had not been filed in the record prior to removal, the Court finds that the removal petition is not defective, and, therefore, remand is not required." *Cooper*, 2008 U.S. Dist. LEXIS 82223, at *6. Furthermore, given that 1) Country Mutual and Ditzler stated in their Notice of Removal [Doc. 1] that Ditzler had not yet been served,[25] 2) the fact that this issue was not addressed by the plaintiff in any filing prior to the Opposition to the instant Motion to Appeal, including the plaintiff's initial Motion to Remand [Doc. 13], and 3) the fact that the state court record is silent on the issue of service upon Ditzler, reversal of the remand order appears to be the most appropriate course of action. Accordingly,

---

[24] Memo. in Opp. [Doc. 21], at 2 (*citing McFarland*, 756 So. 2d at 622).
[25] Not. of Removal [Doc. 1], at ¶ VIII.

**IT IS ORDERED** that the Motion of Appeal [Doc. 19] be and hereby is **GRANTED**.

The Memorandum Ruling [Doc. 17] remanding this case is hereby **REVERSED**.

Lake Charles, Louisiana, this 5 day of March, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE